(53 Misc. Rep. 642)

### GUMBINNER v. BURNS et al.

(Supreme Court, Appellate Term. March 14, 1907.)

JUDGMENT—DEFAULT—RELIEF.

Where, on a motion to open a default judgment against defendant, it appeared that on the day before the inquest defendant's counsel had been notified to go on with the trial of a case in the Supreme Court the next day, and that defendant's attorney had to answer a motion on the calendar in the Special Term on the day when the inquest was taken, the motion should have been granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 287.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Paul Gumbinner against Frank B. Burns and others. From a judgment in favor of plaintiff, and from an order denying a motion to open the default of defendants, they appeal. Order denying the motion to open the default reversed, and appeal from the judgment dismissed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Robert L. Turk, for appellants.
Arthur K. Kuhn, for respondent.

PER CURIAM. The defendants have appealed from a judgment entered against them by default, and also from an order denying a motion to open the default and vacate the judgment.

The action is for goods sold and delivered to the defendants as copartners. We think that the motion to open the default should have been granted. On the day before the inquest was taken defendants' counsel had been notified to go on with the trial of a case in the Supreme Court on the next day (19th December). It also appears that

defendants' attorney had to answer a motion on the calendar of part 1, Special Term, of the Supreme Court on the 19th. In view of these facts, we think the motion to open the default should have been granted.

The order denying the motion to open the default and vacate the judgment is reversed, with costs to appellant to abide the event. The appeal from the judgment is dismissed, without costs.